## Battelle *vs.* Parks.

A testator by his last will directs his executors or administrators to sell his real estate to the best advantage, and invest the proceeds. This is a general power in trust, and the executors or administrators are authorized to sell and deed such real estate, without a license from the Judge of Probate.

Case reserved from Saginaw Circuit Court.

*J. G. Sutherland,* for plaintiff.

*J. Moore,* for defendant.

By the Court, Green, J.

The plaintiff in this cause claims title under a deed of conveyance executed to him by Mary I. Ladd and Ira Merrill, administratrix and administrator, with the will annexed, of Herman Ladd, deceased. The deed was executed by the grantors, by virtue of the power and authority given to them by the last will and testament of the said Herman Ladd, deceased, and of the letters of administration to them granted thereon, and the question, is, whether they had the power by virtue of this will and their letters of administration to execute the deed. The clause of the will under which the power is claimed, is as follows:

"Fourth. I order and direct my executors or administrators to sell all my real and personal estate to the best advantage, and invest the proceeds in good securities on unincumbered real estate, at not more than half its value, under the advice and direction of the surrogate of Livingston County, and I hereby authorize them to sell my real estate, and to execute good and sufficient deeds for the same to the purchasers thereof."

No beneficial interest is given by the will to the donees of the power, but the proceeds of the property are given to certain persons and classes of persons therein named. This is a general power in trust, and is imperative. (*R. S. ch.* 64, § 5, 22, 24.) The objection to the validity of the deed in the Court below, was, that it did not appear that the sale of the land had been authorized by the license of any probate court, but purported to be executed solely by virtue of the power given to the administrators by the will, and of the letters of administration.

In the case of Conklin *vs.* Egerton's administrator, (21 *Wend.*, 430,) the question arose upon the construction of a clause in the will of Manuel Myers, by which he gave to his wife, during her natural life, the rents, issues, and profits of all his real estate; and *after her decease,* divided all his real estate *in fee,* to two sisters, two nephews, and five nieces, to take, share and share alike; and for the more easy and equal division of his said real estate, he authorized and empowered his executors *thereinafter named,* after the decease of his wife, to sell and dispose of the said estate for the most money that could be gotten for the same, and in due form of law, to execute deeds of conveyance for the same in fee simple, *and to divide the money arising from the sale,* among his sisters, nephews, and nieces. The testator nominated his wife executrix, and his friend Ephraim Hart, executor, of his last will &c. After the decease of the testator, the executrix and executor named in the will, took upon themselves the burthen of the administration. After the death of the widow of the testator, (Ephraim Hart, the executor, having previously died,) administration with the will annexed, was granted to Alpheus Sherman, the public administrator of the city of New York. The question was, whether Sherman, as such administrator, could execute the power.

That case differed from this in two particulars. The executor to whom the power was given, was named in the will, and after his death, administration *de bonis non,* with the will annexed, had been granted. But the material question involved in this case, was also involved in that, and was very fully and ably discussed by the learned Judge who delivered the opinion, and who, with his usual industry and research, has collected and collated the authorities bearing upon it, and developed, as I think, with great accuracy and clearness, the true principle upon which they rest. He arrives at the conclusion as the result of his analysis of the cases, that the office of an executor is entirely separate and distinct from that of the donee of a power in trust, and that the latter is an authority which, so far from having any reference to the office of executor, might just as well have been conferred by the will upon any other not named as executor, and one who might have executed the power without probate, or letters testamentary; and consequently, that where such power is given to the executors, they do not exercise it in

their capacity of executors; for the term executors used in the devise, is but a designation of the *persons* who are to execute the power, which is a mere warrant of attorney to sell the land.

In that case the executor to whom the power was devised, was named in the will; but in the case before us no executors were nominated in the will, but the power is given to the executors or administrators of the testator.   The distinction between that case and the one under consid-eration is, that in the former the donee of the power being named, upon his death his successor in the office of executor had no authority to exe-cute it; in the latter, the persons holding the office of administrators, being the persons designated by the testator to make the sale, are the donees of the power, and are authorized to execute it, not *by virtue of* their office as administrators, but by reason of such office, because there-by they answer the designation contained in the will.   In the former case the particular person having been designated to execute the power, he could have done so without probate of the will or letters testamen-tary, and upon his death its execution would devolve upon the Court of Chancery.   In the latter case, there was no one to take the power until probate of the will and administration granted; but when that was done, the administrators, being the *persons designated* by the tes-tator, by reference to their office, and in case of their death or removal, their successors corresponding to the same designation, are authorized to sell the property and execute the trust, separately and aside from their office of administrator.

At the common law, recognized by our statute, as well as that of New York, which is the same, a power may be created either by deed or by will.   (*R. S. Ch.* 64, § 34; *Sugden on Powers, Ch.* 2, § 2.)   The will in this case is the power of attorney, and the letters of administration ascertain the *persons* who are to execute it.   The donees of the power being thus ascertained, and all of them having joined in the conveyance several vexed questions in regard to the authority of surviving or acting executors, in relation to which the decisions are very contradictory, do not arise in this case.

In Roseboom *vs.* Mosher, (2 *Denio*, 61;) the Supreme Court of New York held, a power given by a clause in the will to the executor and executrix thereinafter named, and by a subsequent clause appointing

the wife of the testator and Abraham Van Vechten to be executrix and executor of the will, was properly executed by the executrix alone, Mr. Van Vechten having neglected to take upon himself the execution of the will. This appears to be contrary to the decision in the 21st of Wendell before referred to, and Chief Justice Bronson, in delivering the opinion of the Court, does not refer to that case, nor does it appear to have been cited by counsel. The case of Roseboom *vs.* Mosher, however, does not conflict with the principle that the authority to execute the power is derived from the will, and may be exercised without the intervention of a probate court, but strongly fortifies it. It appeared in that case, that immediately after the testator's death, Mr. Van Vechten united with Mrs. Roseboom in executing one of the powers conferred on them by the will, by making a conveyance of a house and lot conformably to the testator's directions, and it is not disputed that he had authority to do so, although he never qualified as executor, and the conveyance made afterwards by the executrix, the validity of which was litigated in that suit, and held to be good as an execution of the power, was not authorized by any license or decree of any Court.

Had the lands been devised by Ladd, the testator, to his executors or administrators *in trust*, with a power to sell, &c., without nominating executors in the will, then the question would have arisen, whether the devise would not have been void, there being no persons at the death of the testator in whom the estate could vest under the will. But it is conceived that no difficulty of this kind arises in this case. It was said by Kent, C. J., in Bergen *et al. vs.* Bennett, (1 *Caine's Cas.*, 16,) that "if a man, by his will, directs his executors to sell his land, this is but a bare authority without an interest, for the land, in the mean time, descends to the heir at law, who, until the sale, would at common law be entitled to the profits," &c. "But if a man *devises his lands to his executors to be sold*, then there is a power coupled with an interest, for the executors in the mean time take possession of the land and the profits." Mr. Hill, in his valuable treatise on the law relating to trustees, remarks, that "it not unfrequently happens that a testator merely gives his trustees *a power* of disposing of an estate, without making an express devise to them. In this case, it is clear that the trustees will not take the legal estate, although the exercise of the power may be

imperative, but the legal estate will descend to and remain vested in the heir of the testator, until divested by the execution of the power. For instance, where a testator devises that his executors or other persons shall sell, or let, or mortgage, or otherwise dispose of his estate for payment of his debts," &c.; "or directs that his executors shall raise his debts out of his estate, it has been decided that no estate vests in the devisees, but simply a power of disposition." (*See Hill on Trustees,* 235 & 236*;; and cases there cited in note* 6.)

It may be further observed in regard to the will under consideration, that the object of the testator in creating the power to sell, was simply to carry into effect the devises to his children and grand-children. In such a case, if the power were extinguished, it is well established that equity would interpose to prevent the conveyances. "This," says Mr. Hargrave, "has long been the practice of our Courts of Equity, these rightly deeming the purposes for which the testator directed the money arising from the sale to be applied, to be the substantial part of the devise, and the persons named to execute the power of selling to be mere trustees, which brings the case within the general rule of equity, that a trust shall never fail of execution for want of a trustee, and that if one is wanting, the Court shall execute the office. The relief is administered by considering the land, in whatever person vested, as bound by the trust, and compelling the heir, or other person having the legal estate, to perform it."

It must be certified to the Circuit Court for the County of Saginaw, that the objection made by the defendant to the deed of conveyance, under which the plaintiff claims title to the land in question, is not a good and valid objection, but that the said deed is a good and valid deed of conveyance under and in pursuance of the power of sale contained in the last will and testament of Herman Ladd, deceased, and the letters of administration with the will annexed granted thereon.